22cv6205 CJS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES HUNTER
       Plaintiff,

v.

SHAWN EDWARDS
TIMOTHY LUETY
ALEX JIMINEZ
BRYAN SHEPARD
K-9 IKE
       Defendants.

Complaint

Jury Trial Demanded



1.

## STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4), and 2201.

The events giving rise to plaintiff's claims occurred in the Western District of New York and therefore venue in this Court is proper under 28 U.S.C. § 1391 (b).

## PARTIES

1) Plaintiff James Hunter was at all times mentioned herein, an adult citizen of the United States and a resident of the State of New York.

2) Defendant Shawn Edwards was at all times mentioned herein, employed by the Monroe County Sheriff's Office (MCSO), whose rank is Sergeant.

3) Defendant Timothy Loety was at all times mentioned herein, an officer employed by the City of Rochester Police Department.

4) Defendant Alex Jiminez was at all times mentioned herein, an officer employed by the City of Rochester Police Department.

5) Defendant Bryan Shepard was at all times mentioned herein, a deputy employed by the Monroe County Sheriff's Office.

6) Defendant K-9 IKE was at all times mentioned herein, a canine assigned to the Monroe County Sheriff's Office

## PREVIOUS LAWSUITS BY PLAINTIFF

7) Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8) There were no known administrative remedies to exhaust that relate to the above named defendants.

## STATEMENT OF FACTS

9) On or about 12/22/20, at approximately 7:50 a.m., plaintiff had broken his leg at the knee and was lying down in the backyard at 12 Marlow street, in the City of Rochester, State of New York.

10) While plaintiff was attempting to stand up defendant Luety approached and without warning grabbed plaintiff's left wrist.

11) As defendant Luety was tugging at plaintiff's left wrist, without warning or provocation defendant Ike began assaulting plaintiff, biting him several times on the right arm tearing the flesh and causing great pain.

12) Defendant Edwards at no time ordered defendant Ike to cease biting plaintiff.

13) Defendant Jiminez at no time attempted to intervene on plaintiff's behalf when defendant Ike was biting him.

7.

14) Defendant Lueto held plaintiff's left arm behind the back while defendant Ike continued to bite and shake plaintiff's right arm.

15) As defendant Ike was biting plaintiff defendant Edwards was saying "good boy" urging defendant Ike on for at least 8 minutes.

16) Defendant Shepard confiscated plaintiff's wallet which contained ID, reciepts and approximately $312 in U.S. currency.

17) Of the money that was seized from plaintiff by defendant Shepard, $300 of it was never returned.

18) Plaintiff was taken to Strong Memorial Hospital where he was treated for his broken leg and injuries sustained as a result of defendants Ike, Edwards, Lueto and Jiminez.

## STATEMENT OF CLAIM

19) At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. §1983 and 28 U.S.C. §1331, and acted under color of law to deprive plaintiff of his constitutional rights as set forth more fully below.

20) By reason of the facts and circumstances stated above, defendant Edwards violated plaintiff's fourth and eighth amendment rights to the constitution by using excessive force, unreasonable force, failing to intervene.

21) By reason of the facts and circumstances stated above, defendant Luety violated plaintiff's fourth and eighth amendment rights to the constitution by using excessive force, unreasonable force and failing to intervene.

22) By reason of the facts and circumstances stated above, defendant Jiminez violated plaintiff's fourth and eighth amendment rights to the constitution by using excessive force, unreasonable force, and failing to intervene.

11.

23) By reason of the facts and circumstances stated above, defendant Shepard violated plaintiff's fourth amendment right to the constitution by confiscating plaintiff's funds and keeping them.

24) By reason of the facts and circumstances stated above, defendant Ike violated plaintiff's fourth and eighth amendment rights to the constitution by using force that was both unreasonable and excessive.

25) Defendants are being sued in their individual and official capacities.

## RELIEF REQUESTED

26) Plaintiff requests that the court order all defendants to preserve all body cam footage of the events described above.

27) Plaintiff seeks compensatory and declaratory judgement against defendants in the amount of 10 million dollars.

## CONCLUSION

WHEREFORE, plaintiff respectfully asks the court to grant the relief requested herein; including interest from January 1, 2021; costs and disbursements, together with any other relief the court finds to be just and proper.

Dated: 5/3/2022

x— *James Hunter*
James Hunter
PRO SE